Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000674
31-JUL-2014
08:13 AM

NO. CAAP-12-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CORBIT AHN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1428)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Corbit Ahn (Ahn) appeals from the Judgment of Conviction and Sentence for Murder in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-701.5 (1993) and Sexual Assault in the Third Degree in violation of HRS § 707-732 (Supp. 2013) entered by the Circuit Court of the First Circuit (Circuit Court) on July 9, 2012.[1]

In his sole point on appeal, Ahn argues that the Circuit Court erred by admitting DNA-related evidence without adequate foundation, that absent that DNA-related evidence, there was no evidence that he "had [any] physical contact with the victim that could have been qualified as sexual contact or that could have caused the victim's death[,]" and consequently that there was insufficient evidence to prove every element of the charged offenses beyond a reasonable doubt.

---

[1]     Then Circuit Court judge, the Honorable Richard W. Pollack, presided.

After a careful review of the point raised and the arguments made by the parties, the record, and the applicable authority, we resolve Ahn's point on appeal as follows and affirm.

1.    Ahn has failed to properly preserve his point for consideration on appeal for at least two reasons.  First, his point on appeal has not been properly presented as required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)[2] as he fails to provide record citations for where the error occurred and where it was objected to and fails to quote the grounds for his objection and the full substance of the evidence admitted[3]. Id.

More importantly, it appears that Ahn failed to object to the evidence complained of at trial.  HRS § 641-16 (1993);[4] Hawaii Rules of Evidence (HRE) Rule 103 (a)(1);[5] see also State

---

[2]    HRAP Rule 28(b)(4) governs the points on appeal in an opening brief and requires, in pertinent part,

> (4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Where applicable, each point shall also include the following:
>
> > (A)    when the point involves the admission or rejection of evidence, a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected[.]

[3]    This last omission, beyond being a violation of our rule, makes review of Ahn's point of error especially difficult as we are uncertain to exactly what evidence his arguments pertain.

[4]    HRS § 641-16, "Judgment; no reversal when[,]" provides, in pertinent part,

> Except as otherwise provided by the rules of court, there shall be no reversal for any alleged error in the admission or rejection of evidence . . . unless such alleged error was made the subject of an objection noted at the time it was committed or brought to the attention of the court in another appropriate manner.

[5]    HRE Rule 103(a)(1) provides,

> (a) Effect of erroneous ruling.  Error may not be predicated upon a ruling which admits or excludes evidence unless a

(continued...)

v. Wallace, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996) ("'[T]he rule is well settled that evidence even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent.'" (quoting 2 Wharton's Criminal Evidence § 265 n.3 (14th ed. 1986)); see also State v. Winfrey, No. 28737 2009 WL 4988719 at *1 (Haw. Dec. 22, 2009) (Order Affirming Judgment on Appeal).

Therefore, to review Ahn's point on appeal we must determine that the error constituted "plain error." See HRE Rule 103(d); Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b);[6] HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.") It has long been held that "this power to deal with [plain] error is one to be exercised sparingly and with caution because the rule represents a departure from a presupposition of the adversary system[.]" State v. Fox, 70 Haw. 46, 56, 760 P.2d 670, 676 (1988). The Hawai'i Supreme Court has refused to find plain error where the defendant failed to object to the foundation for evidence admitted at trial. See, e.g., Wallace, 80 Hawai'i 382, 910 P.2d 695; Winfrey, No. 28737 2009 WL 4988719.

We are not inclined to notice plain error here. Ahn did not object to the qualifications of the witness through which the DNA results were introduced, Honolulu Police Department (HPD) Criminalist Samantha Kashimoto, who testified without objection that the HPD Laboratory had been certified by an outside entity, the equipment she used, consistent with HPD procedure, had undergone checks by outside personnel, that she was trained

---

[5](...continued)
　　　substantial right of the party is affected, and:

　　　　(1)　Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

[6]　　HRPP Rule 52(b) provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

consistent with manufacturer guidelines, that she had performed the testing of the samples for DNA analysis herself, giving her personal knowledge of the procedures used, and that "every step of the analysis was documented and everything was technically reviewed by another qualified analyst." Under these circumstances, and in the absence of contradictory evidence identified by Ahn, we cannot conclude that the introduction of the DNA evidence was plain error.

Therefore, the July 9, 2012 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2014.

On the briefs:

Lars Peterson,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge